IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

LUCAS JACK WOODS,

        Defendant.

Case No. 21-CR-00532-JFH

**OPINION AND ORDER**

Before the Court are two motions filed by Defendant Lucas Jack Woods: an omnibus motion in limine [Dkt. No. 27] and a motion for hearing pursuant to *Daubert*/*Kumho Tire* [Dkt. No. 28].

**I. Motion in Limine [Dkt. No. 27]**

"The purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to the issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Management Co.*, 587 F.Supp.2d 1201, 1208 (D. Kan. 2008) *aff'd,* 402 Fed.App'x 337 (10th Cir. 2010) (quotation and citation omitted). In many instances, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in the proper context. *Id.* A court will generally not grant a motion *in limine* unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible on *all* potential grounds." *Tulsa Zoo Mgmt., Inc. v. Peckham Guyton Albers & Viets, Inc.*, No. 17-CV-644, 2019 WL 1562147, at *1 (N.D. Okla. Mar. 5, 2019) (citation and quotation omitted).

This case involves allegations of child abuse and neglect regarding Defendant's behavior toward his infant daughter, JW. *See* Dkt. No. 2. Defendant seeks exclusion of evidence relating to opinions expressed by one of JW's doctors, Larissa Hines ("Dr. Hines"), to DHS. Dkt. No. 27 at 1. Dr. Hines allegedly stated in an interview with DHS that JW would "have lasting effects from her injuries" and would "not be the same child she was meant to be." *Id.* DHS later issued a report concluding that the matter was "abuse-near death head trauma and neglect-failure to protect." *Id.* Defendant contends that Dr. Hines' opinions are unfairly prejudicial and inflammatory and that the DHS conclusion is inadmissible lay witness opinion testimony that is cumulative to Dr. Hines' opinions. *Id.* at 3. He requests the Court limit physician testimony to "their observations of the injuries sustained and . . . the origin of the injuries." *Id.* at 2.

The Government states it does not object to the motion in limine. Dkt. No. 31. It "agrees that opinions that speculate about the future of the victim or her prognosis are not relevant to this jury trial." *Id.* at 3. However, it plans to elicit evidence and testimony about JW's "medical history, and medical condition prior to the events alleged in the indictment, and evidence of the seriousness of the injuries and the harm that was caused." *Id.* It requests that the Court "order that no future prognosis be discussed by any witness, but not that the expert physician be limited to only her observations of the injuries." *Id.* at 4. The Government also does not anticipate calling any witnesses from DHS. *Id.*

The Court agrees with the parties that speculation about the future is improper and further agrees with the Government that evidence of the seriousness and harm resulting from the injuries is relevant. Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting

2

cumulative evidence." Fed. R. Evid. 403. "Evidence is not unfairly prejudicial simply because it is damaging to [a party's] case." *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) (quotation omitted). Rather, it must have "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* (quoting Fed. R. Evid. 403 advisory committee's note). While the Court agrees with Defendant that there is a risk that the jury will have an emotional response to the description of an infant's injuries [Dkt. No. 27 at 2], this risk does not substantially outweigh the probative value of evidence relating to the seriousness of JW's injuries. The Court grants in part and denies in part Defendant's motion in limine: it grants the motion insofar as the parties shall not introduce testimony or evidence speculating about JW's future medical problems; it denies the motion insofar as Defendant seeks limitation of physician testimony to only observation and origin of injuries; and it denies the motion as moot insofar as the DHS report, which the Government states it does not plan to introduce.

## II.   *Daubert* Motion [Dkt. No. 28][1]

Defendant also challenges Dr. Hines' testimony under Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). Dkt. No. 28. He claims the Government "has not supplied evidence necessary to establish that" Dr. Hines' conclusion that JW suffered from "shaken baby syndrome" was "based upon reliable methodology." *Id.* at 3. He also claims there is an "absence

---

1 Defendant requests a hearing on his *Daubert* motion. Convening a *Daubert* hearing is within the Court's discretion. In this case, the Court can satisfactorily assess the issues on the briefing and does not believe a *Daubert* hearing is necessary. *See Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000) ("It is within the discretion of the trial court to determine how to perform its gatekeeping function under *Daubert* . . . The most common method for fulfilling this function is a *Daubert* hearing, [but] such a process is not specifically mandated.").

of reliable principles and methods for evaluating the cause of an injury." *Id.* at 4.

Federal Rule of Evidence 702 permits a qualified expert witness to testify and render an opinion when:

> (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) The testimony is based on sufficient facts or data;
>
> (c) The testimony is the product of reliable principles and methods; and
>
> (d) The expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. "When an objection to an expert's testimony is raised, the court must perform *Daubert* gatekeeper duties before the jury is permitted to hear the evidence." *Bright v. Ohio Nat'l Life Assur. Corp.*, 11-CV-475, 2013 WL 12327512, at *1 (N.D. Okla. Jan. 9, 2013) (citing *Daubert*, 509 U.S. at 589; *Kumho Tire Co.*, 526 U.S. at 149).

"First, the Court determines whether the expert is qualified by knowledge, skill, experience, training or education to render the opinion." *Lippe v. Howard*. 287 F. Supp. 3d 1271, 1277-78 (W.D. Okla. 2018). "If so qualified, the Court must then determine whether the expert's opinion is reliable and relevant under the principles set forth in *Daubert* and *Kumho Tire*, in that it will assist the trier of fact." *Id.* at 1278. The party offering the expert testimony has the burden to prove that the expert is qualified and that his or her opinions are based in sound methodology and sufficient facts. *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003).

Defendant does not challenge Dr. Hines' qualifications or relevance. *See generally* Dkt. No. 28. The Court notes Dr. Hines' education and experience, as described in her CV submitted by the Government, to be extensive. Dkt. No. 33-1. Dr. Hines is a board-certified pediatrician;

completed a fellowship in child abuse pediatrics; has served as a professor of child protection, family health, and pediatric emergency medicine; and is a member of the American Academy of Pediatrics – Council on Child Abuse and Neglect. *Id.* And the Court notes the relevance of child abuse expert testimony in a child abuse case is clear.

Defendant only challenges the reliability of Dr. Hines' testimony. To assess an expert witness' reliability, the Court must focus on "principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595. The Tenth Circuit has cited four factors that district courts should apply to make a reliability determination:

> (1) Whether a theory has been or can be tested or falsified; (2) whether the theory or technique has been subject to peer review and publication; (3) whether there are known potential rates of error with regard to specific techniques; and (4) whether the theory or approach has "general acceptance."

*Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1233 (10th Cir. 2005) (quoting *Daubert*, 509 U.S. at 593-94). *Daubert* recognizes that these factors are not a "definitive checklist." *Daubert,* 509 U.S. at 593; *Kumho Tire Co.*, 526 U.S. at 150-51. A trial judge has "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Kumho Tire Co.*, 526 U.S. at 152. A witness may acquire expertise on a subject based on experience in that field. *United States v. Medina-Copete*, 757 F.3d 1092, 1104 (10th Cir. 2014).

Defendant argues "there is no evidence relating to the methodology used to form the opinion that the injuries were caused by child abuse or that the methodology was properly applied." Dkt. No. 28 at 3. The Court notes the Government and Dr. Hines were not required to submit an expert report detailing methodology ahead of trial. *See* Fed. R. Crim. P. 16.[2] The Government

---

[2] And indeed, any such report would be inadmissible hearsay. *See Navajo Nation Hum. Rts.*

states in its Rule 16 notice that Dr. Hines based her opinions on examination of the victim in a medical setting, interviews with the parties involved in the incident leading to medical intervention, and review of the reports and care of other physicians involved in the treatment of the victim. Dkt. No. 30 at 1. This description of Dr. Hines' methodology in combination with her unchallenged experience in child abuse medicine is sufficient for the Court to exercise its gatekeeping function and determine that Dr. Hines' testimony is reliable enough to present to the jury. Defendant may cross-examine Dr. Hines on the specifics of her examination and analysis. *See U.S. v. Gutierrez de Lopez*, 761 F.3d 1123, 1136 (10th Cir. 2014) ("Doubts about whether an expert's testimony will be useful should generally be resolved in favor of admissibility unless there are strong factors such as time or surprise favoring exclusions. The jury is intelligent enough to ignore what is unhelpful in its deliberations.")

**IT IS THEREFORE ORDERED** that Defendant's motion in limine [Dkt. No. 27] is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that Defendant's *Daubert* motion [Dkt. No. 28] is **DENIED.**

**DATED** this 1st day of April 2022.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

*Comm'n v. San Juan Cty.*, 281 F. Supp. 3d 1136, 1162 (D. Utah 2017) (collecting cases) (explaining expert reports are generally inadmissible at trial because they represent out of court declarations offered for their truth).